1  R. Travis Jameson, WSBA No. 45715
   Email: travis@stritmatter.com
2  Stritmatter Kessler Whelan
   200 2nd Ave. W
3  Seattle, WA 98119
   206-448-1777
4

5                                                          Hon. Benjamin H. Settle

6              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
7                         AT TACOMA

8  MARY E. BENTON, individually; LINDA J.
   MCPHERSON, individually, DORINDA M.
9  OTERO, individually and collectively on
   behalf of all others similarly situated,          NO. 3:13-cv-05998-BHS
10
              Plaintiffs,                            **ORDER GRANTING
11                                                   PRELIMINARY APPROVAL OF
        v.                                           CLASS SETTLEMENT,
12                                                   CONDITIONALLY CERTIFYING
   KAISER PERMANENTE, a business entity,             SETTLEMENT CLASS AND
   exact form unknown; KAISER                        APPROVING FORM AND
13 FOUNDATION HOSPITALS, a California                MANNER OF NOTICE.**
   corporation; KAISER FOUNDATION
14 HEALTH PLAN, INC. D.B.A. KAISER
   FOUNDATION HEALTH PLAN, a
15 California corporation KAISER
   FOUNDATION HEALTH PLAN OF THE
   NORTHWEST, an Oregon corporation;
16 KAISER PERMANENTE HEALTH
   ALTERNATIVES, an Oregon corporation;
17 NORTHWEST PERMANENTE, P.C., an
   Oregon professional corporation; ROE
   CORPORATIONS 1 through 100, inclusive.
18
              Defendants.
19

20      Plaintiffs have filed a Motion for Conditional Certification of Proposed Settlement Class,

21 Preliminary Approval of Class Action Settlement, Directing Notice, and Setting Hearing on Final

22 Approval of Settlement ("Motion"). Having reviewed the Motion and supporting materials, the

23 Court determines and orders as follows:

24

ORDER
Case No. 3:13-cv-05998-BHS - 1

A. The parties have agreed, subject to final approval by this Court following notice to the Class and a hearing, to settle this action, on the terms and conditions set forth in the Stipulation Re: Class Action Settlement Agreement and Release of Claims (the "Agreement").

B. The Court has reviewed the Agreement, as well as the files, records, and Proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C. Based upon preliminary examination, it appears to the Court that the Agreement is fair, reasonable, and adequate; that the Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Class to determine whether to enter a Settlement Approval Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. *Preliminary Approval of Proposed Settlement.* The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Court finds: (a) the Agreement resulted from extensive arm's-length negotiations, and (b) the Agreement is sufficient to warrant notice thereof to members of the Class and the Settlement Hearing described below.

2. *Class Certification for Settlement Purposes Only.* Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes only, conditionally certifies a class ("Class") consisting of:

> "All Kaiser patients for whom HIV tests were batch-ordered, and who were tested for HIV in Washington or Oregon, between and including April 16, 2013 and May 6, 2013."

(a) In connection with certification, the Court makes the following preliminary

ORDER
Case No. 3:13-cv-05998-BHS - 2

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

findings:

(1) The Class satisfies Fed. R. Civ. P. 23(a)(1) because the Class appears to be so numerous that joinder of all members is impracticable;

(2) The Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Class;

(3) The Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the representative plaintiffs appear to be typical of the claims being resolved through the proposed Settlement;

(4) The Class satisfies Fed. R. Civ. P. 23(a)(4) because the named plaintiffs appear to be capable of fairly and adequately protecting the interests of the above described Class in connection with the proposed Settlement and because counsel representing the Class are qualified, competent and capable of prosecuting this action on behalf of the Class.

(5) The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of Settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Class Members and because settlement with the above-described Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. The Class appears to be sufficiently cohesive to warrant settlement by representation.

(b) In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

(c) Mary E. Benton, Linda S. McPherson, Dorinda M. Otero, Barbara Kelley, and

ORDER
Case No. 3:13-cv-05998-BHS - 3

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

1     William Pearse are hereby designated as Class Representatives.

2     3.     ***Class Counsel.*** The Court appoints Stritmatter, Kessler, Whelan as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel is competent and capable of exercising their responsibilities as Class Counsel

4.     ***Settlement Hearing.*** The Parties have proposed a final approval hearing (the "Settlement Hearing") occur before this Court on September 8, 2015 or as soon thereafter as the Court may accommodate. The final approval hearing (the "Settlement Hearing") shall be held before this Court on September 14, 2015 at 11:00 a.m. as set forth in the Notice (described in Paragraph 5 below), to determine whether the Agreement is fair, reasonable and adequate and should be given final approval. Papers in support of final approval of the Agreement and for an award of attorneys' fees, costs, and expenses and for service awards to the Representative Plaintiffs (the "Fee and Expense Application") shall be filed with the Court according to the schedule set forth in Paragraphs 12-13, below. The Court may postpone, adjourn, or continue the Settlement Hearing by order of the Court, without further notice to the Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Class Members with respect to the claims being settled.

5.     ***Notice.*** The Court approves the form and content of the Notice, the Claim Form and Request for Exclusion, substantially in the forms attached as Exhibits B, C, and D to the Agreement. The Parties shall comply with the notice requirements described in the Agreement.

ORDER
Case No. 3:13-cv-05998-BHS - 4

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

6. *Filing of CAFA Notice.* Before the Settlement Hearing, Defendants shall file with the Court proof of its compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

7. *Disclosure of Protected Health Information*: This Order shall be considered an order under 42 CFR § 164.512(e)(l)(i) authorizing the disclosure of the Protected Health Information of Class Members to the Claims Administrator maintaining active Business Associate Agreements with Defendants, pursuant to the Health Insurance Portability and Accountability Act of 1996(HIPAA). The Court also authorizes disclosure of the identity of Class Members who were tested for HIV, as required under ORS 433.045(4)(a), for the purpose of administering the Settlement.

8. *Findings Concerning Notice.* The Court finds that the Notice and the manner of its dissemination described in the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action, the terms of the Agreement and their right to object to or exclude themselves from the Class. The Court finds that the Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

9. *Exclusion from Class.* Each Class Member who wishes to exclude himself or herself from the Class and follows the procedures set forth in the Agreement shall be excluded. Any potential member of the Class may mail a Request for Exclusion, in the form specified in the Notice, to the Claims Administrator at the address set forth in the Notice. All persons who properly make requests for exclusion from the Class shall not be Settlement

ORDER
Case No. 3:13-cv-05998-BHS - 5

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

10. ***Right to Abrogate Agreement.*** In the event more than a previously-agreed number of Class Members timely exclude themselves from the Settlement Class, Defendants shall have the unilateral right to abrogate the Agreement by written notice of abrogation to Class Counsel in accordance with the Agreement. If Defendants exercise their right to abrogate the Agreement, then all aspects of the Agreement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes, shall be null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal precedent or as any basis for legal or factual argument in this or any other case.

11. ***Claims Procedures.*** The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit C to the Agreement. A properly executed Claim Form must be submitted as required in the Notice no later than the expiration of the Claims Period, as defined in the Agreement. Each Claim Form shall be deemed to have been submitted when postmarked. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

12. ***Objections, Appearances, and Final Papers.***

(a) ***Written Objections.*** Any Class Member who has not timely submitted a written request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee and Expense Application. Any class member who wishes to object to the Settlement, must submit his or her objection in

ORDER
Case No. 3:13-cv-05998-BHS - 6

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

writing to Class Counsel, postmarked no later than May 14, 2015. Class Counsel will file copies with the Court via ECF. Objecting Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Class, or (ii) object to the Fee and Expense Application. Any objection not timely made shall be forever barred.

(b)  *Appearance at Settlement Hearing.* Any objecting Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Class Member submits the objection. Class Counsel will inform the Court and Defendants' lawyers accordingly. Any Class Member who does not timely deliver a written objection and notice of intention to appear in accordance with the requirements of this Order, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c)  *Papers for Final Approval and for Fees and Expenses.* Representative Plaintiffs shall file their motion for final approval of the Settlement, and Class Counsel shall file their motion for fees and expenses, together with all supporting documentation, by no later than 45 days after the expiration of the Claims Period, as defined in the Agreement.

(d)  *Responses to Objections.* Any responses to objections to the Agreement or the Fee and Expense Application shall be filed with the Court on or before September 7, 2015 from entry of this Order.

13.  *Dates of Performance.* In summary, the dates of performance are as follows:

(a)  Notice shall be sent to potential Class Members on or before March 30, 2015.

ORDER
Case No. 3:13-cv-05998-BHS - 7

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

| | | |
|---|---|---|
|1| (b) | Class Members who desire to be excluded shall mail requests for exclusion postmarked by May 14, 2015. |
|3| (c) | Class Members who desire to submit Claim Forms shall do so by May 14, 2015; |
|5| (d) | All objections to the Agreement or the Fee and Expense Application shall be filed and served by May 14, 2015; |
|7| (e) | Representative Plaintiffs' final approval motion, Class Counsel's fee and expense motion, and all supporting materials, shall be filed no later than August 10, 2015; |
|10| (f) | Responses to objections, if any, and in further support of the Fee and Expense Application, shall be filed by September 7, 2015; |
|12| (g) | The Settlement Hearing shall be held on September 14, 2015 at 11:00 a.m.; and |

14. ***Effect of Failure to Approve the Agreement.*** In the event the Court does not approve the Agreement, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed prior to entry of this Order;

ORDER
Case No. 3:13-cv-05998-BHS - 8

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Representative Plaintiffs on any point of fact or law; and

(d) Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case.

15. ***Discretion of Counsel.*** Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

16. ***Stay of Proceedings Pending Approval of the Settlement.*** All proceedings before the Court are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

17. ***Injunction against Asserting Released Claims Pending Settlement Approval.*** Pending final determination of whether the settlement should be approved, Plaintiffs, all Class Members and any person or entity allegedly acting on behalf of Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

STRITMATTER KESSLER WHELAN
200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777

18. **Reservation of Rights and Retention of Jurisdiction.** The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Class Members.

DATED this 26 day of February 2015

_____
THE HONORABLE BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

Presented by:

STRITMATTER KESSLER WHELAN

By: /s/ R. Travis Jameson
Paul Stritmatter, WSBA#4532
Brad Moore, WSBA#21802
R. Travis Jameson, WSBA#45715
Counsel for Plaintiffs

ORDER
Case No. 3:13-cv-05998-BHS - 10

STRITMATTER KESSLER WHELAN

200 Second Avenue West
Seattle, WA 98119-4204
Tel: 206-448-1777